IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| TERRY BALLENGER, | ) | C/A No. 4:08-4143-HMH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| JON OZMINT, DIRECTOR, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Terry Ballenger, ("Petitioner/Ballenger) is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on December 30, 2008. Respondent filed a motion for summary judgment on March 27, 2009, along with a return and supporting memorandum. The undersigned issued an order filed March 30, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a response on May 4, 2009.

## I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner. In fact, Petitioner stated in his response that he "concedes to the Respondent's account of the procedural history to the extent, it does not interfer[sic] with this

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

petition obtaining a proper and just review." (Doc. #18). Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent.

Petitioner is presently confined in the Perry Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Spartanburg County conviction and sentence for voluntary manslaughter. The Spartanburg County Grand Jury indicted Petitioner at the June 1999 term of the Grand Jury for Spartanburg County for murder (99-GS-42-2740) and assault and battery of a high and aggravated nature (ABHAN) (99-GS-42-2741). App. pp. 405-06; 409-10. Assistant Spartanburg County Public Defenders John Abdalla and Karen Quimby represented him on these charges.

On October 23-25, 2000, he received a jury trial before the Honorable J. Derham Cole. The jury found him guilty as charged; and Judge Cole sentenced him to twenty-four years imprisonment for murder and to a concurrent ten years imprisonment for ABHAN. App. pp. 1-403; 407; 411.

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Robert M. Dudek represented him on appeal. On January 3, 2002, Petitioner filed his Final Brief of Appellant, in which he presented the following issue for review:

> Whether the judge erred by instructing the jury on "mutual combat" where appellant and the decedent became involved in a fight that started between two other men, there was no evidence of ill feelings between appellant and the decedent, and the jury was adequately instructed that if appellant was not without fault in bringing on the difficulty he could not be acquitted by reason of self-defense?

Final Brief of Appellant at p. 3. The State filed a Final Brief of Respondent on January 15, 2002. Senior Assistant Attorney General Norman Mark Rapoport represented the State on appeal.

On November 21, 2002, the South Carolina Court of Appeals affirmed Petitioner's convictions and sentence in an unpublished Opinion. State v. Ballenger, 2002-UP-723 (S.C. Ct.

App., Nov. 21, 2002). App. pp. 413-14. It sent the Remittitur to the Spartanburg County Clerk of Court on December 9, 2002.

Petitioner filed a pro se Post-Conviction Relief (PCR) Application (03-CP-42-3984) on October 31, 2003. He alleged the following grounds for relief in his Application:

1. Ineffective assistance of trial counsel.

2. Prosecutorial misconduct.

3. Lacked subject matter jurisdiction.

4. Trial court error.

App. pp. 415-46. The State filed its Return and Motion to Dismiss on July 30, 2004. App. pp.447-52.

The Honorable Doyet A. Early, III, held an evidentiary hearing into the matter on May 18, 2005, at the Spartanburg County Courthouse. Petitioner was present at the hearing; and Alexander Hray, Jr., Esquire, represented him. Assistant Attorney General Molly R. Crum represented the State. Petitioner moved for a continuance at the beginning of the hearing. The PCR judge denied the motion and proceeded with the evidentiary hearing. Petitioner testified on his own behalf and he presented the testimony of lead trial counsel, Mr. Abdalla. App. pp. 453-82.

On July 3, 2006, Judge Early filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. The Order of Dismissal addressed Petitioner's claims that the trial court lacked subject matter jurisdiction because the State failed to prove venue, as well as his allegations of trial court error and that trial counsel were ineffective because (1) they failed to preserve his objection to the State's request for a jury instruction on mutual combat; and (2) they failed to request the trial court instruct the jury on defense of others. App. pp. 484-91.

Petitioner submitted a pro se "Notice of Motion Rule 59(E) -SCRCiv.R." App. pp. 493–94. The State opposed this motion as procedurally improper because Petitioner was represented by counsel and South Carolina does not recognize hybrid representation. In support of this position, the State cited to Rule 11, SCRCP,1 Jones v. State, 348 S.C. 13, 558 S.E.2d 517 (2002), and Foster v. State, 298 S.C. 306, 379 S.E.2d 907 (1989). Alternatively, the State argued that the Order of Dismissal was sufficient and that Petitioner's motion should be denied, with the exception of 4:08-cv-04143-HMH-TER Date Filed 03/27/09 Entry Number 12 Page 3 of 32 2 The Order of Dismissal reflects that he signed it on "June 30, 2005," whereas he signed it on June 30, 2006. correcting a srivener's error as to the date Judge Early signed the Order of Dismissal.2 App. 495-98. Judge Early entered an Order correcting the scrivener's error and finding that Petitioner's motion was a nullity for the reasons argued by the State.

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Kathrine H. Hudgins represented him in collateral appellate proceedings before the South Carolina Court of Appeals. On March 27, 2007, Petitioner filed a Petition for Writ of Certiorari. The two Questions Presented in the Petition for Writ of Certiorari were stated as follows:

1. Was trial counsel ineffective in failing to preserve his objection after the trial judge charged the jury on the law of mutual combat?
2. Was trial counsel ineffective in failing to request a jury charge on a defendant's right to act in defense of others?

Petition for Writ of Certiorari at p. 2. The State filed a Return to Petition for Writ of Certiorari on July 11, 2007.

The South Carolina Court of Appeals filed an Order denying certiorari on May 21, 2008. It sent the Remittitur to the Spartanburg County Clerk of Court on June 6, 2008.

## II. HABEAS ALLEGATIONS

Petitioner raises the following allegations in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

| | |
|---|---|
| **GROUND ONE:** | Ineffective Assistance of Counsel. |
| **SUPPORTING FACTS:** | Trial counsel was ineffective in failing to preserve his objection after the trial judge charged the jury on the law of mutual combat. |
| **GROUND TWO**: | Ineffective Assistance of Counsel. |
| **SUPPORTING FACTS**: | Trial counsel was ineffective in failing to request a jury charge on defendant's right to act in defense of others. |
| **GROUND THREE:** | Subject Matter Jurisdiction. |
| **SUPPORTING FACTS**: | Petitioner's indictment alleges that petitioner was indicted by a Spartanburg County Grand Jury on June 6, 1996. According to S.C. code law § 14-5-710, there was no court of term General Sessions during June 6, 1996 - which the indictment is void. |

(Petition).

## III. SUMMARY JUDGMENT

On March 27, 2009, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the

pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since Ballenger filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.

6

1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

# V. DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. (Respondent's Memorandum).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner filed a direct appeal which the South Carolina Court of Appeals denied on November 21, 2002. The conviction became final when the remittitur was entered on December 9, 2002. Petitioner filed his PCR application on October 31, 2003. Therefore, three-hundred twenty-six (326) days of non-tolled time passed between the conclusion of direct review and the filing of the PCR application. The period of limitations for filing his federal habeas corpus action was tolled during the pendency of the PCR. The South Carolina Court of Appeals denied Certiorari and issued the Remittitur on June 6, 2008. Petitioner filed this habeas petition on December 30, 2008, with a Houston v. Lack, supra, delivery date of December 22, 2008. However, even using the date of December 22, 2008, another one-hundred ninety-nine (199) days of non-tolled time expired. Thus, the time is outside the limitations period by one-hundred sixty days. (326 +199 =525 days; 525-365= 160 days).

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January

> 7, 1998, when the Maryland Court of Appeals denied Harris'
> application for leave to appeal the denial of his petition. At this
> point, the clock began running again on the one-year limitation
> period, expiring one-and-one-half months later, in February 1998.
> Harris did not file his federal habeas petition until July 22, 1998, six
> months after his one-year period had expired. Therefore, the petition
> was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

Petitioner has not presented any evidence to warrant equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' "

> *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

A review of the petition reveals that Petitioner asserted that his petition was timely because he was innocent of the charges. In his response in opposition to the motion for summary judgment, Petitioner stated that while the Respondent has relied on the defense of statute of limitations in seeking summary judgment, Respondent "has failed to observe that Petitioner has presented a claim involving the jurisdiction of the trial court to convict and sentence him, in which over comes any bar." Thus, Petitioner argues that because he is raising an issue of subject matter jurisdiction, he should not be barred by the statute of limitations. This argument fails.[3] Based on the fact that Petitioner has not shown any extraordinary circumstances to warrant equitable tolling, the petition is barred by the statute of limitations.

## VI. CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

---

[3] Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.).

RECOMMENDED that Respondent's motion for summary judgment (document #11) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 22, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**